IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOSEPH PASTORE

FILED
MAR 23 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

Criminal No. 17-098

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the defendant's guilty plea as to Counts One through Five, Count Seven, and Count Eight of the Information, charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 841(a)(1), (b)(1)(A), for which the government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant hereby forfeits to the United States his interest in any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations. Moreover, as a result of the defendant's guilty plea to Count Six of the Information, charging a violation of 18 U.S.C. § 924(c)(1), for which the government sought forfeiture pursuant to 18 U.S.C. § 924(d), made applicable by 28 U.S.C. § 2461(c), the defendant hereby forfeits to the United States his interest in any firearms and ammunition involved in the commission of the offense.

2. The Court has determined, based upon the facts set forth at the change of plea hearing, which formed the factual basis for the plea, as well as the guilty plea agreement, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Eight of the Information, and that the government has established the requisite nexus between such property and such offenses:

    a. two (2) digital scales;

    b. one (1) Ruger Model LCO, .38 caliber handgun, serial number

        371046867, loaded with six (6) rounds of ammunition;

   c.     one (1) Sig Sauer Model P226, 9mm pistol, serial number UU611708, loaded with fifteen (15) 9mm rounds of ammunition;

   d.     one (1) Winchester rifle, Model 70, serial number G2122149;

   e.     one (1) J.C. Higgins shotgun, Model 20-12GA, serial number 428292, loaded with three (3) shotgun shells; and

   f.     one (1) leather shotgun case.

3.     Upon the entry of this Order, the United States is authorized to seize the property described at paragraph two (2) above. Further, upon the entry of this Order, the United States is authorized to conduct any discovery necessary to dispose of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4.     Pursuant to 21 U.S.C. § 853(n)(1), the United States Government shall publish on an official internet government forfeiture site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5.     The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the

Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Any person, other than defendant, asserting a legal interest in the property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. After the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

11. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshals Service, the Federal Bureau of Investigation, and to counsel for the parties.

**ORDERED this** 22nd **day of** March 2018.

BY THE COURT:

_____
**HONORABLE JOSEPH F. LEESON, JR.**
*Judge, United States District Court*
*Eastern District of Pennsylvania*